**MINUTES [00:30]**
**JULY 15, 2011**
**JUDGE S. MAURICE HICKS, JR.**
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| HILLMAN LUMBER PRODUCTS, INC. | CIVIL ACTION NO. 06-1204 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WEBSTER MANUFACTURING, INC., ET AL. | MAGISTRATE JUDGE HAYES |

The Court held a status conference in the above-captioned matter on July 15, 2011 at 11:00 a.m. David A. Szwak appeared on behalf of Plaintiff Hillman Lumber Products, Inc. Joe Woodley appeared on behalf of Intervenor Citizens Bank & Trust Company. Ralph S. "Scott" Bowie, Jr. appeared on behalf of Defendant/Judgment Debtor Mark Wendell Morgan and Marcia Ann Benson Morgan.

The Court orally **GRANTED** the Motion to Withdraw (Record Document 298) filed by Marcia Ann Benson Morgan. The Court also orally **GRANTED** the Motion for Intervention (Record Document 299) filed by Marcia Ann Benson Morgan. The Court noted that the intervention was "of right" under Federal Rule of Civil Procedure 24(a)(2), which requires "no independent ground of jurisdiction." Smith Petroleum Service Inc. v. Monanto Chemical Company, et al., 420 F.2d 1103, 1113 (5th Cir. 1970). Moreover, within its sound discretion, the undersigned held that the intervention was timely, finding that Plaintiff would not be prejudiced by the intervention. See id. at 1115. Relying upon Chase Home Finance, LLC v. Davis, 43,816 (La.App. 2 Cir. 12/10/08), 1 So.3d 643 and Knight v. Parish National Bank, 457 So.2d 1219 (La.App. 1 Cir. 1984), the Court also overruled Plaintiff's

objections (1) regarding the alleged retroactive application of the Louisiana exemption statute, Louisiana Revised Statute 20:1; and (2) that Gary Morgan had waived his exemption claim and that Marcia Morgan had no right to claim the entire exemption.

The Court also orally **GRANTED** the "Motion for Recognition of Movant's Homestead Exemption and for Payment from Proceeds of Judicial Sale of His Homestead According to Consent Judgment" (Record Document 294) filed by Mark Wendell Morgan.  The Court once again overruled Plaintiff's objections regarding the alleged retroactive application of Louisiana Revised Statute 20:1 and also held that it would abstain from entertaining any collateral attacks on a state court judgments, including divorce decrees and/or declarations of separate property regimes.

Detailed orders consistent with the terms of these minutes will be issued herewith.

*A. Maurice Hicks/.*